UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROSALIND M. CROSS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:13 CV 1234 RWS |
| | ) |
| DAVID S. FERRIERO, *Archivist of the United States, National Archives and Records Administration*, | ) ) ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

Rosalind Cross filed this complaint alleging employment discrimination by her employer, the National Archives and Records Administration . Her claims are based on retaliation, disparate treatment, and harassment in violation of Title VII of the Civil Rights Act of 1964 (Title VII). The Archivist of the United States, Defendant David Ferriero, asserts that Cross's claims should be dismissed because Cross failed to exhaust her administrative remedies and she does not allege any facts which would entitle her to relief. Alternatively, Ferriero seeks summary judgment because no genuine issues of material fact are in dispute and Ferriero should receive a judgment as a matter of law. I will grant the motion to dismiss because Cross failed to exhaust her administrative remedies and failed to allege facts in support of her claims which would entitle her to relief.

*Legal Standard*

In ruling on a motion to dismiss, I must accept as true all factual allegations in the complaint and view them in the light most favorable to Plaintiff. Fed. R. Civ. P. 12(b)(6);

Erickson v. Pardus, 551 U.S. 89, 94 (2007). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formalistic recitation of elements of a cause of action will not do." Id. (internal quotations ommitted). To survive a motion to dismiss a plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." Id. at 555.

"A document filed pro se is to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson, 551 U.S. at 94 (internal quotations and citations omitted). "At a minimum, however, a complaint must contain facts sufficient to state a claim as a matter of law and must not be merely conclusory in its allegations." Springdale Education Association v. Springdale School District, 133 F.3d 649, 651 (8th Cir.1998).

*Background*

Plaintiff Rosalind Cross is an African American female employed by the United States National Archives and Records Administration (NARA). Cross works in the National Personnel Records Center (NPRC), an agency of the NARA. Defendant David Ferriero is the Archivist of the United States and is the chief official overseeing the operations of the NARC. In her amended complaint Cross states that she has been employed at the NPRC since 1984. She is currently a GS-11Management Analyst for the Management Systems Staff. She states that her "ratings" are "highly successful" and that she has never received any type of disciplinary actions.

Cross alleges that in May 2011, she applied for a GS-12 Management Analyst position

but she was not selected. She alleges that Defendant discriminated against in her employment in violation of Title VII through retaliation, disparate treatment, and harassment.

Cross's amended complaint is disjointed and does not clearly support her claims with factual allegations. However, liberally construing her complcint, Cross asserts the following in support of her discrimination claims: (1) in November 2008, she filed an EEO complaint; (2) she applied for a GS-12 Management Analyst position in May 2011, but was not selected; (3) on August 9, 2011, she discovered that her application for the Management Analyst position was processed in a way which divulged her personal information to co-workers; (4) she alleges that the NARA modified the job selection process, her federal job experience was ignored, and her application was used as a tool to "foster team integrity and harmony;" (5) she filed an EEO complaint in August 2011; (6) she paid for an EEO hearing transcript when she was not required to do so; (7) she tried to amend her pending EEO complaint, but instead filed another EEO complaint in January, 2012; (8) the NARA harassed her by the manner in which it handled her EEO complaint and charged her for a hearing transcript.

Defendant Ferriero has moved to dismiss this case based on Cross's failure to exhaust her administrative remedies and the facts she presents fail to support a discrimination claim. In the alternative, Ferriero has moved for summary judgment. Cross opposes the motion.

*Discussion*

As a federal employee, Cross is required to exhaust her administrative remedies concerning her Title VII employment discrimination claims before she can seek relief from this Court. McAlister v. Secretary of Dept. of Health and Human Services, 900 F.2d 157, 158 (8th Cir.1990)("Administrative remedies must be exhausted before a federal employee may bring an

employment discrimination claim against a federal employer.").[1] Failure to exhaust her administrative remedies is fatal to claims of federal employment discrimination. Id.

In order to exhaust her administrative remedies, a complainant must first pursue her allegations by: (1) contacting an EEO counselor within 45 days of the unlawful practice, and (2) timely bring a formal complaint with the EEO. 29 C.F.R. § 1614.105(a)(1). Coons v. Mineta, 410 F.3d 1036, 1039 (8th Cir.2005). These steps allow the administrative agency to address the claims, and if they cannot be resolved, the agency complaint frames the issues to be addressed in a subsequent lawsuit.

Cross asserts in her amended complaint that her employment discrimination claims are based on retaliation, disparate treatment, and harassment. All of these claims, with the exception of being wrongly charged for a transcript, involve the process surrounding Cross's application for the GS-12 Management Analyst position in 2011.

Cross applied for the position in May 2011. On August 8, 2011, Cross's supervisor, Jason Hardy, sent an email to six senior staff members (GS-12s) in Cross's office asking them to review the applications of the ten candidates for the Management Analyst position. The applications were posted on an internal computer drive. Hardy asked the senior staff members (co-workers of Cross) to review each candidate and send their comments to Hardy. The applications contained personal information about the candidates including social security numbers, home addresses, and phone numbers. The email also, stated that a candidate by the name of Mr. Griffith was a "recent favorite." On September 16, 2011, Cross found out she was

---

[1] Exhaustion is required for claims of discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. (Title VII), Coons v. Mineta, 410 F.3d 1036, 1039 (8th Cir. 2005).

not selected for the position when she received and email stating "Mr. Cody" was awarded the job.

On August 29, 2011, Cross filed an "Initial Contact Sheet" with the EEO (EEO Complaint No. 1122STL).[2] [Doc. # 14, Ex. 1, Def.'s Memo. in Supp. of Mot. to Dismiss]  As the basis for her claim of discrimination she checked the "reprisal" box on the form but she does not state what previous EEO activity she participated in which is the basis of her reprisal/retaliation claim.  She does not allege race or sex discrimination.  She asserts that her EEO complaint is based on the "process" that was being used to select the Management Analyst position.  She alleges that Hardy violated personnel practices and the "Privacy Act" by posting her (along with the nine other candidates') applications on the internal computer drive which contained personal information.  She also asserts that it was the first time she was aware of co-workers being asked to review candidates for a job opening.  She asserts that Hardy's email shows favoritism because he stated in his email that Mr. Griffith was a personal favorite.  She then asserts that she is subject to indirect harassment because she was asked to pay for a hearing transcript (from some unspecified hearing) when the transcript should have been provided to her for free.

On October 1, 2011, Cross filed a formal complaint with the EEO.  She did not assert a claim for disparate treatment as a result of not being selected for the GS-12 Management Analyst position.  Instead, she reasserts the claims she made in the Initial Contact Sheet.  Her retaliation

---

[2] Cross asserts in her amended complaint that she filed this EEO complaint and other documents.  She attached portions of these documents to her complaint and Ferriero filed a complete copy of these documents with his motion to dismiss.  In addressing a motion to dismiss, a court may consider the pleadings and material embraced by the pleadings.  Illig v. Union Elec. Co., 652 F.3d 971, 976 (8th Cir. 2011)(when addressing a motion to dismiss, the court "may consider the pleadings themselves, materials embraced by the pleadings, exhibits attached to the pleadings, and matters of public record").

claim concerns "the process that was use" in conducting the selection process for the G-12 Management Analyst position. [Id., Ex. 2 at 3] However, Cross does not identify what previous EEO activity she engaged in that was the alleged basis for this retaliation claim.

Her retaliation claim is also based on her allegation that she was sent two invoices by Midwest Litigation Services[3] for a transcript from some unidentified hearing. She asserts that she had to pay for this transcript when she should not have been required to pay for it. Yet she again fails to identify what EEO activity was the basis of this retaliation claim.

On November 7, 2011, Cross confirmed in a email sent to Shaun Walker, an Equal Employment Specialist, that her EEO complaint did not assert a claim for not being selected for the G-12 Management Analyst position. [Id. Ex. 3] Cross became aware that she was not selected for that position on September 16, 2011. She states that her EEO complaint was based on retaliation in the form of disparate treatment (the selection process) and harassment (being asked to pay for an unidentified transcript).

Cross filed a second "Initial Contact Sheet" and formal complaint with the EEO (EEO Complaint No. 1207STL) on January 25, 2012 and February 22, 2012, respectively. This complaint reasserted issues raised in Complaint No. 1122STL and added a claim that the violation of the NARA Personal Identifiable Information guidelines/policy (by posting the job candidates' personal information on the internal computer drive) had not been reported to the "proper authorities."

In her amended complaint filed in this Court, Cross reasserts the claims raised in the two

---

[3] This action was not taken by the NARA, it was taken by Midwest Litigation Services. It is undisputed that Cross paid Midwest for the transcript but when the mix-up was reported to the NARA, it paid Midwest for the transcript and Midwest reimbursed Cross.

EEO complaints. All of her claims are based on retaliation with subcategories of disparate treatment and harassment.[4]

To establish a prima facie case of retaliation in violation of Title VII, Cross must show that she engaged in protected conduct, that she suffered an adverse employment action, and that the adverse action was causally linked to the protected conduct. Putman v. Unity Health System, 348 F.3d 732, 737 (8th Cir. 2003)(quotations and citations omitted). Generally, more than a temporal connection between the protected conduct and the adverse employment action is required to present a genuine factual issue on retaliation. Id. Cross must also show that the NARA's legitimate, nondiscriminatory reason for its employment decisions was a pretext for retaliation. Putman, 348 F.3d at 737.

Neither of Cross's EEO complaints identifies the previous EEO activity which forms the basis of her retaliation claims. Her amended complaint in this Court mentions that she filed an EEO compliant in November 2008. However, Cross fails to allege any facts which would support a claim of retaliation for actions taken buy her employer in the summer and fall of 2011 for a complaint she filed two year earlier. As a result, her amended complaint fails to allege a prima facie claim of retaliation.

To the extent that Cross' amended complaint can be read to assert a claim for disparate treatment based on retaliation for failing to be selected for the GS-12 Management Analyst position, she failed to exhaust that claim through the EEO process. Cross found out that she did not get that job on September 16, 2011. In order to administratively exhaust that claim, Cross

---

[4] I note again that Cross did not assert race or sex discrimination in either EEO complaint or in the amended complaint she filed in this Court.

had to raise it with an EEO counselor within 45 days, or by October 31, 2011. 29 C.F.R. § 1614.105(a)(1). Cross did not assert this claim in her first EEO complaint and confirmed in her email dated November 7, 2011, to the EEO counselor that she was not asserting such a claim. As a result, this claim is barred in the present lawsuit for failing to exhaust her administrative remedies.

Moreover, the claims she raised in her EEO complaints do not support a claim of retalitory discrimination. She objects to the process used to select the G-12 Management Analyst position. She asserts that she was subjected to disparate treatment because senior staff co-workers were asked to review her application along with the applications of the other candidates. However, she makes no allegation that she was treated differently from the other applicants. She also asserts that she was subjected to disparate treatment because her personal identification information was put on the internal computer drive, however, she admits that all of the other applicants' personal information was also put on the same computer drive. She also asserts that the selection process was tainted by favoritism which does not support an inference of discrimination. In addition, her claim regarding being charged for a transcript does not support a claim of harassment. She was billed by and paid Midwest Litigation services. She was reimbursed when the error came to light. Cross does not allege any facts which would support a claim of discrimination against the NARA based on this billing issue. Finally, her allegation that some unspecified person or agency failed to report to the "proper authorities" the fact that the GS-12 Management Analyst applicants' personal information was placed on an internal computer does not support a claim of discrimination.

In addition to the claims she raised in her EEO complaints, Cross asserts new claims for

the first time in her amended complaint in this Court. She asserts harassment claims for "expunging her complete EEO complaint forms; Warning to dismiss Plaintiff's case for filing a Formal complaint; Agency consistently changed their advice on filing type, pertaining to Failure to Promote; Agency Counselor continued contacting/harassing her after he closed the case." [Amend. Compl. at 6]

None of these claims are supported by any factual allegations. They are merely unsupported legal conclusions which fail to state a claim for relief. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)(A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formalistic recitation of elements of a cause of action will not do.") Moreover, none of these claims have been presented to or exhausted through the EEO process at the NARA. As a result, these claim will be dismissed for failing to administratively exhaust them through the EEO process.

Accordingly,

**IT IS HEREBY ORDERED that** Defendant David Ferrriero's motion to dismiss, or in the alternative, for summary judgment [#13] is **GRANTED**.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 25th day of February, 2014.